## State *v.* Levi J. Holmes.

A private person may arrest a felon who, after conviction upon his plea of guilty, has, without actual breaking or force, escaped from the House of Reformation to which he was sentenced.

This was an indictment against respondent for an assault upon Robert McQuesten, July 12th, 1868, with an intent to kill and murder him ; and on the trial it appeared that the respondent, at the May Term, 1867, of the Supreme Judicial Court, Hillsborough County, was convicted, upon the plea of guilty, of stealing one cow, charged in the indictment to be of the value of sixty dollars, and sentenced to the State Prison for two years, or sent to the House of Reformation till twenty-one years of age ; that he was sent to the House of Reformation, where he remained

until June 9th, 1868, when he made his escape without any actual breaking or force ; and the evidence tended to prove that the said Mc-Questen having learned of the escape of the said Holmes, attempted to arrest him on the 12th day of July, 1868, for the purpose of returning him to the House of Reformation ; that he was resisted by said Holmes, who drew a knife and after warning him off, stabbed said McQuesten a little above the hip, inflicting a very dangerous wound.

The court instructed the jury that McQuesten, although a private person, might lawfully arrest Holmes who had been convicted of felony, and return him to the place of confinement, it appearing that the term had not yet expired ; and that his authority so to arrest and return him arose from the fact that Holmes had been convicted of felony and had escaped from the confinement to which he was sentenced, and that his right to arrest and return him was the same as if Holmes had been confined in the State Prison instead of the House of Reformation, and the same as to arrest him for a felony before conviction.

No objection was made to the instructions in respect to notice or knowledge in Holmes of the purpose of the arrest.

The jury having returned a verdict of guilty of an assault with intent to kill, amounting to an intent to commit manslaughter, judgment was rendered thereon and the respondent sentenced to confinement to hard labor in the State Prison.

The respondent excepted to the instructions aforesaid to the jury and moved that the judgment be vacated.

*A. W. Sawyer* for respondent.

*Joseph B. Clark,* Solicitor, for the State.

SMITH, J. If it is held that Holmes' escape from the House of Reformation without any actual breaking or force was only a misdemeanor, and would not of itself justify a private person in arresting him, still the offence for which Holmes was sentenced to the House of Reformation was a felony, and it is conceded that a private person might have legally apprehended him in the first instance upon reasonable grounds of suspicion. It is, however, claimed for the respondent that this right of private persons to make arrests originated in part at least in the liability of English muncipalities for the failure to arrest persons guilty of crimes within their limits, and that the right does not exist after trial, sentence and commitment.

We think it will be found upon examination that this right existed in England in other cases than those in which "hue and cry" had been made, and, instead of being based wholly upon the liability of the hundreds to penalty in case of non-arrest, it must have been founded in part at least on the same theory that induced the legislation imposing penalties on the hundreds, viz, that it is not for the general interest of society that felons should escape their due punishment. If the sole reason for allowing private persons to arrest was their liability as mem-

bers of hundreds, they would not have been entitled to the right in this country where municipalities are not generally liable to fine for the non-arrest of persons committing felonies within their limits.

The arrest is allowed in order to bring the felon to punishment ; see *Shaw C. J.* in *Com* v. *Carey*, 12 Cush. 246, p. 251. To have said that there shall be no arrests without warrant "would have endangered the safety of society ;" *Tilghman C. J.* in *Wakely* v. *Hart*, 6 Binney 316, p. 318. The reason of the rule allowing private persons in certain cases to make arrests seems at least as applicable to the arrest of a felon who, after sentence upon his plea of guilty, has escaped from confinement, as to the arrest of a person who, though there is reasonable cause to suspect him, has not yet been tried or sentenced. The former has been proved guilty of a felony by his own solemn admission ; the latter may turn out to be innocent. The former has beyond all doubt committed two crimes, a felony and a misdemeanor ; the latter may not have committed any crime at all. "The people ought not to be deprived of any right by an escape of whatever kind from custody under criminal process :" *Cowen J.* in *Clark* v. *Cleveland*, 6 Hill 344, p. 349 ; "and indeed, since the liberty gained by the prisoner is wholly owing to his own wrong, there seems to be no reason he should take any manner of advantage from it ;" 2 Hawkins P. C. 200, sec. 12. The well settled doctrine that a private person may, after the commission of a felony, arrest an individual whom he has reasonable cause to believe guilty, does not admit of the limitation—"provided the person thus suspected has not solemnly admitted his guilt, and afterwards escaped from legal custody."

*Exceptions overruled..*